UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL S. EPPERSON,

    Plaintiff,

v.                                             CAUSE NO. 3:24-CV-28 DRL-AZ

DEPT OF CORRECTIONS and DELTA
PROGRAM,

    Defendants.

OPINION AND ORDER

Michael S. Epperson, a prisoner without a lawyer, filed an amended complaint alleging the Indiana Department of Correction (IDOC) and Delta Program are not accurately recording his prison records, causing him to be denied the ability to earn time cuts. ECF 9. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Epperson asserts that, in November 2022, he met with his case manager to review his Case Plan Credit Time (CPCT) program.[1] ECF 9 at 4. Because there was a

---

[1] The CPCT program, which took effect on January 1, 2022, changed the way offenders earn a time cut (which is in addition to any good time credit the offender might earn). *See* CPCT: A

recommendation that he participate in a substance abuse treatment program, his case manager placed him on a list to participate in the Recovery While Incarcerated (RWI) program and printed out a notice of when he could submit a time cut request. *Id*. After Mr. Epperson graduated from the RWI program, he met with his case manager in late May 2023, shortly after the new Delta Offender Management System had been implemented. *Id*. at 4-5. Before the meeting, his case manager checked the Delta system and found he was missing from it. *Id*. at 5. She wrote a troubleshooting ticket because Mr. Epperson's information had not migrated into the Delta system, which meant that until it was fixed, he could not request a time cut. *Id*.

Mr. Epperson asserts he qualifies for three time cuts and expects he will not receive each of the time cuts he believes he is eligible to receive. *Id*. at 5-7. When he met with his case manager for his annual review, a resolution had not been reached. *Id*. at 7. However, after he filed this lawsuit and named the IDOC as a defendant, he was able to initiate and sign his first time cut request. *Id*. In sum, Mr. Epperson asserts the Delta system and anyone who is privy to the system's design flaws were deliberately indifferent to the possibility the system could randomly eliminate an inmate and create delays in requests for time cuts, potentially resulting in lengthier periods of incarceration for those inmates. *Id*. at 8-9.

Though Mr. Epperson asserts he was denied the ability to earn time cuts because the Delta system did not accurately record his participation in the RWI program, he has

---

Change in Credit Time, https://www.in.gov/idoc/files/CPCT-4-Family-and-Friends-FLYER.pdf (last visited Apr. 11, 2025); *see also Bradford v. State*, 211 N.E.3d 36 (Ind. App. Ct. 2023) (discussing the new CPCT program).

no constitutional right to participate in educational programs. *Garza v. Miller*, 688 F.2d 480, 486 (7th Cir. 1982). Prisoners have neither a liberty nor a property interest in educational programs. *Higgason v. Farley*, 83 F.3d 807, 809–810 (7th Cir. 1995). Likewise, denying a prisoner the opportunity to earn credit time by taking educational courses states no claim upon which relief can be granted. *Id*. "[W]hile the Due Process Clause does not itself create a liberty interest in good time credits, the state may create a liberty interest in earned good time credits." *Id*. at 809 (citing *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974)). Here, Mr. Epperson acknowledges he has no liberty interest or entitlement to a time cut. ECF 9 at 5. Specifically, he states that in Indiana, "there is no entitlement to a time cut," however, he is eligible to submit requests for time cuts at different intervals. *Id*. Because Mr. Epperson has no constitutionally protected liberty interest, no federal constitutional violation occurred.

Additionally, to the extent Mr. Epperson asserts that the individuals who created the Delta system were deliberately indifferent because there were flaws in the design of the system, his complaint explains that work was being done to correct those issues. ECF 9 at 7. Therefore, the court cannot plausibly conclude that Mr. Epperson's allegations amount to deliberate indifference.

Furthermore, Mr. Epperson may not proceed against the defendants he has named in his amended complaint. He initially sues the IDOC. However, the State of Indiana and its agencies are not "persons" who can be sued for constitutional violations under 42 U.S.C. § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70 (1989). Therefore, he may not proceed against the IDOC.

3

Mr. Epperson has also sued "All Entities Relevant to the Delta Program." ECF 9 at 1. "[T]o state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). Though the conduct of private actors can transform them into state actors for § 1983 purposes, the facts must permit an inference that the defendants' actions are "fairly attributable to the state." *L.P. v. Marian Catholic High Sch.*, 852 F.3d 690, 696 (7th Cir. 2017) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)). Mr. Epperson has not alleged facts from which it can plausibly be inferred that whatever entity is responsible for the Delta program could be fairly deemed a state actor. *See Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 815 (7th Cir. 2009) (summarizing situations where private actors can become state actors). Therefore, he may not proceed against "All Entities Relevant to the Delta Program."

This amended complaint does not state a claim for which relief can be granted. If Mr. Epperson believes he can state a claim based on (and consistent with) the events described in this complaint, he may file a second amended complaint[2] because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file a second amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form, which is

---

[2] Mr. Epperson used only the first two pages of the court's prisoner complaint form. Pursuant to N.D. Ind. L.R. 7-6, he must use this court's prisoner complaint form in its entirety.

available from his law library. He needs to write the words "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Michael S. Epperson until **June 16, 2025**, to file a second amended complaint; and

(2) CAUTIONS Michael S. Epperson that, if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

May 16, 2025                                             *s/ Damon R. Leichty*
                                                         Judge, United States District Court